ARTURO R. DE CHABERT, Petitioner, *v.* DISTRICT COURT OF PUERTO RICO, SAN JUAN SECTION, J. M. CALDERÓN, JR., JUDGE, Respondent. JUAN A. PONS, SECRETARY OF HEALTH and THE PERSONNEL BOARD, Interveners.

No. 1948. Argued November 7, 1952.—Decided April 21, 1953.

*Mariano Acosta Velarde* and *Daniel Pellón Lafuente,* for petitioner. *José Trías Monge, Secretary of Justice (Víctor Gutiérrez Franqui, former Attorney General,* on the brief)*,* and *Edgar S. Belaval, Assistant Attorney General,* for interveners, defendants in the main action.

PER CURIAM: This is a typical case of piecemeal litigation not favored by the courts.

The Personnel Board affirmed an order of the Commissioner of Health removing petitioner from the office of Assistant Administrator of the Division of Hospitals which he occupied in the Department of Health and petitioner moved the District Court, now Superior Court, to review said decision, pursuant to § 31 of Act No. 345 of May 12, 1947 (Sess. Laws, p. 594) known as the Personnel Act, which insofar as pertinent provides:

"The appointing authority, or the respondent official or employee when removed, may file proceedings for review of his case in the district court of the district where the said official or employee may be serving, within the period of five (5) days from the notification of the decision of the Board. The said review may only be granted on questions of law, and findings of facts made by the Board shall be accepted by the court. The court shall enter judgment within the thirty (30) days following the hearing of the case. The decision of the district court shall be final."

Without the record of the proceedings and the evidence introduced before the Board having been sent to the former district court pursuant to the order, duly notified, of the court *a quo,* and notwithstanding the fact that it was stated in the "notice of review or appeal" filed in said court, among other grounds, that there was an absolute lack of evidence to support counts five, six, and eleven which said Board found proved, and that petitioner was deprived of an impartial trial and of due process of law because prejudicial evidence,

inadmissible at law, had been admitted—which required an examination of said proceedings—the court *a quo* approved a stipulation to the effect that "in deciding the case" it should consider "as true and proved facts" those recited in said stipulation. Such a stipulation, however, was not based on the evidence introduced in connection with the counts themselves, but on certain circumstances which it was necessary to establish in order that the court could consider several of the questions of law raised by petitioner in his notice of review and it expressly contained the exception that the same was made "without the parties waiving their right to offer, in due time, the record and the evidence" introduced before the Board.

We can not sanction the proceedings before the lower court. The basis for the judicial review provided by § 31 of the Personnel Act is the record of the proceedings before the Board. See *Rivera* v. *Chancellor of the University*, 73 P.R.R. 361 and *Rent Director* v. *District Court*, 73 P.R.R. 379, in which we established the scope of the judicial review of administrative decisions. The record herein was not sent to the court and the stipulation on "true and proved facts" was not intended to constitute nor constituted a *stipulated record* which purported to substitute the official record of the Board.

Section 31 of Act No. 345 authorizes a single proceeding for judicial review, and no more. This should be completed in one suit, and not piecemeal. Especially, when the facts which are taken as basis are those presented by the parties to the court to be considered as "true and proved," as if it were the case of a trial *de novo*, not authorized by law. The function of the court in the review provided by Act No. 345 is not to make findings of facts. That function belongs to the Board, and its conclusions in that sense must be accepted by the court if supported by substantial evidence. *Rivera* v. *Chancellor of the University*, and *Rent Director* v. *District Court*, both *supra*.

This being the case, and because we consider it of vital importance for the systematic development of the judicial proceedings, the writ issued is quashed, without considering the questions raised, and the case is remanded to the respondent court in order that it may render with the record of the Board before it, whatever judgment it may deem proper at law.